UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-97 ADM

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSHUA NOBLE,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and JOSHUA NOBLE (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.      **Charges.** The defendant agrees to enter a plea of guilty to Count 1 of the Information, which charges him with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

2.      **Factual Basis**. The defendant agrees that the following summary fairly and accurately sets forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial:

> a. On or about March 4, 2016, in the State and District of Minnesota, the defendant did knowingly distribute a visual depiction using a means and facility of interstate and foreign commerce and that had been mailed, shipped, and transported in and affecting interstate and foreign



commerce, by any means including by computer, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, to wit, a computer image file depicting a prepubescent girl with an adult penis pressed against her vagina, which appeared to have ejaculate on it.

b. Relevant Conduct. In addition to the image described above, the defendant agrees that from at least on or about March 4, 2016, until on or about May 26, 2016, he used internet-based messaging services, including Chatstep.com, to trade child pornography via the internet, and during this period possessed at least 244 images depicting the sexual abuse of children, including depictions of prepubescent children, children under 12 years of age, and material that portrays sexual abuse and exploitation of an infant and toddler.

3.   **Waiver of Indictment**. The defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense.

4.   **Waiver of Pretrial Motions**. The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly, and voluntarily gives up the right to litigate pre-trial motions and withdraws any motions currently pending before the Court.

5.   **Waiver of Constitutional Trial Rights.** The defendant understands that the defendant has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the

2

defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

6.      **Statutory Penalties**. The parties agree that Count 1 of the Information carries statutory penalties of:

        a.    A mandatory minimum of 5 years' imprisonment;
        b.    A maximum of 20 years' imprisonment;
        c.    A supervised release term of not less than five years up to a maximum term of life;
        d.    A fine of up to $250,000;
        e.    Payment of $5,000 to the Domestic Trafficking Victims' Fund;
        f.    A mandatory special assessment of $100; and
        g.    Payment of mandatory restitution in an amount to be determined by the Court.

7.      **Revocation of Supervised Release**. The defendant understands that if defendant were to violate any condition of supervised release, defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8.      **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the

United States Sentencing Guidelines in determining the appropriate sentence and stipulate

to the following guideline calculations:

a.   Base Offense Level. The parties agree that the base offense level for distributing child pornography is **22** (U.S.S.G. § 2G2.2).

b.   Specific Offense Characteristics. The parties agree that the offense level should be increased by **2 levels** because the material involved prepubescent minors and minors under the age of 12 years (U.S.S.G. § 2G2.2(b)(2)); **5 levels** because the offense involved distribution in exchange for valuable consideration (U.S.S.G. § 2G2.2(b)(3)(B)); **4 levels** because the offense involved material that portrays sexual abuse or exploitation of an infant or toddler (U.S.S.G. § 2G2.2(b)(4)(B)); **2 levels** because the offense involved the use of a computer and an interactive computer service (U.S.S.G. § 2G2.2(b)(6));  and **3 levels** because the offense involved more than 150 but fewer than 300 images (U.S.S.G. § 2G2.2(b)(7)(B)).

c.   Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. §3E1.1). The parties agree that no other Chapter 3 adjustments apply.

f.   Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he

will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. § 4A1.1).

g.    Guideline Range. If the adjusted offense level is 35, and the criminal history category is I, the Sentencing Guidelines range is 168-210 months' imprisonment.

h.    Fine Range. Based on the Sentencing Guidelines calculations above, the fine range is $40,000-$400,000.

i.    Supervised Release. The Sentencing Guidelines require a term of supervised release of no less than five years and up to a life term if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

j.    Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

9.    **Discretion of the Court**. The foregoing Sentencing Guidelines stipulations bind the parties but not the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.     **Special Assessment**. The defendant is required to pay a special assessment in the amount of $100.00 for each felony count of conviction, which becomes due and payable upon sentencing. 18 U.S.C. § 3013; U.S.S.G. § 5E1.3.

11.     **Restitution**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply, and that the Court is required to order the defendant to make restitution to the victims of his crime. There is no agreement with regard to the amount of restitution; however, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or included in the count of conviction.

12.     **Waivers of Appeal and Collateral Attack**. The defendant acknowledges having been advised by counsel of the defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby expressly, knowingly, intelligently, and voluntarily waives these rights, except as specifically reserved herein. The defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; and (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History

6

Category found applicable by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies the defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

13. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

Specifically, the parties agree that the defendant will forfeit the following property to the United States, which he acknowledges having used to commit the offense charged in Count 1 of the Information:

    a. One Dell Inspiron 580 computer tower, serial number 9MJCPM1, containing one internal Seagate Barracuda SATA ST3320418AS hard drive, serial number 6VMGWWJL;

    b. One Dell Inspiron 1545 laptop computer, serial number 49W87N1, containing one internal Seagate Momentus ST9500325AS SATA hard drive, serial number 5VEA875H;

    c. One 8GB SanDisk flash SD card serial number B113006223666; and

    d. One ioMega external hard drive enclosure, model LDHD-UP, serial number 99A0160DD0, containing one Seagate Barracuda ST3500418AS SATA hard drive, serial number 9VMBE6WG.

The United States reserves the right to seek the forfeiture of additional property.

14.     **Complete Agreement**. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.


Date:   6/29/2017

GREGORY G. BROOKER
Acting United States Attorney

BY: MIRANDA E. DUGI
(NY: 5140546)
Assistant U.S. Attorney

Date: 6/29/2017

JOSHUA NOBLE
Defendant

Date: 6|29|17

CHRISTA GROSHEK
Counsel for the defendant

8